IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND
Southern Division

JEFFERY L. B.,

    Plaintiff,

v.

NANCY A. BERRYHILL,
Acting Commissioner of Social Security,

    Defendant.[1]

Civil No. TMD 17-2393

## MEMORANDUM OPINION GRANTING PLAINTIFF'S
## ALTERNATIVE MOTION FOR REMAND

Plaintiff Jeffery B. seeks judicial review under 42 U.S.C. § 405(g) of a final decision of the Commissioner of Social Security ("Defendant" or the "Commissioner") denying his application for disability insurance benefits under Title II of the Social Security Act. Before the Court are Plaintiff's Motion for Summary Judgment and alternative motion for remand (ECF No. 17), Defendant's Motion for Summary Judgment (ECF No. 20), and Plaintiff's Response to Defendant's Motion for Summary Judgment (ECF No. 21).[2] Plaintiff contends that the administrative record does not contain substantial evidence to support the Commissioner's

---

[1] On April 17, 2018, Nancy A. Berryhill became the Acting Commissioner of Social Security. *See* 5 U.S.C. § 3346(a)(2); *Patterson v. Berryhill*, No. 2:18-cv-00193-DWA, slip op. at 2 (W.D. Pa. June 14, 2018).

[2] The Fourth Circuit has noted that, "in social security cases, we often use summary judgment as a procedural means to place the district court in position to fulfill its appellate function, not as a device to avoid nontriable issues under usual Federal Rule of Civil Procedure 56 standards." *Walls v. Barnhart*, 296 F.3d 287, 289 n.2 (4th Cir. 2002). For example, "the denial of summary judgment accompanied by a remand to the Commissioner results in a judgment under sentence four of 42 U.S.C. § 405(g), which is immediately appealable." *Id.*

decision that he is not disabled. No hearing is necessary. L.R. 105.6. For the reasons that follow, Plaintiff's alternative motion for remand (ECF No. 17) is **GRANTED**.

# I

## Background

On June 10, 2016, Administrative Law Judge ("ALJ") Michael A. Krasnow held a hearing in Washington, D.C., where Plaintiff and a vocational expert ("VE") testified. R. at 36-71. The ALJ thereafter found on July 29, 2016, that Plaintiff was not disabled from October 1, 2013, through December 31, 2014, the date last insured. R. at 17-35. In so finding, the ALJ found that, "[t]hrough the date last insured, [Plaintiff] did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments in 20 CFR Part 404, Subpart P, Appendix 1." R. at 23. The ALJ found:

> Listing 1.04 was not met because the record does not demonstrate compromise of a nerve root (including the cauda equina) or the spinal cord with additional findings of: (A) evidence of nerve root compression characterized by neuro-anatomic distribution of pain, limitation of motion of the spine, motor loss (atrophy with associated muscle weakness) accompanied by sensory or reflex loss and, positive straight-leg raising or; (B) spinal arachnoiditis or; (C) lumbar spinal stenosis resulting in pseudoclaudication and the inability to ambulate effectively.

R. at 23-24.

The ALJ then found that, through the date last insured, Plaintiff had the residual functional capacity ("RFC")

> to perform light work as defined in 20 CFR 404.1567(b) except he could occasionally climb ramps and stairs; could never climb ladders, ropes, and scaffolds; could occasionally balance, stoop, kneel, and crouch; could never crawl; must avoid concentrated exposure to hazards including dangerous machinery and unprotected heights; could frequently reach overhead with the right upper extremity; and could frequently handle with the bilateral upper extremities.

R. at 24. The ALJ determined that, although Plaintiff could not perform his past relevant work as a bus driver, he was capable through the date last insured of performing other work, such as a merchandise marker, assembler, or cafeteria attendant. R. at 29-30. Plaintiff thus was not disabled from October 1, 2013, through December 31, 2014, the date last insured. R. at 31.

After the Appeals Council denied Plaintiff's request for review, Plaintiff filed on August 21, 2017, a complaint in this Court seeking review of the Commissioner's decision. Upon the parties' consent, this case was transferred to a United States Magistrate Judge for final disposition and entry of judgment. The case then was reassigned to the undersigned. The parties have briefed the issues, and the matter is now fully submitted.

II

**Disability Determinations and Burden of Proof**

The Social Security Act defines a disability as the inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment that can be expected to result in death or that has lasted or can be expected to last for a continuous period of not less than twelve months. 42 U.S.C. §§ 423(d)(1)(A), 1382c(a)(3)(A); 20 C.F.R. §§ 404.1505, 416.905. A claimant has a disability when the claimant is "not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists . . . in significant numbers either in the region where such individual lives or in several regions of the country." 42 U.S.C. §§ 423(d)(2)(A), 1382c(a)(3)(B).

To determine whether a claimant has a disability within the meaning of the Social Security Act, the Commissioner follows a five-step sequential evaluation process outlined in the regulations. 20 C.F.R. §§ 404.1520, 416.920; *see Barnhart v. Thomas*, 540 U.S. 20, 24-25, 124

3

S. Ct. 376, 379-80 (2003). "If at any step a finding of disability or nondisability can be made, the [Commissioner] will not review the claim further." *Thomas*, 540 U.S. at 24, 124 S. Ct. at 379; *see* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant has the burden of production and proof at steps one through four. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5, 107 S. Ct. 2287, 2294 n.5 (1987); *Radford v. Colvin*, 734 F.3d 288, 291 (4th Cir. 2013).

First, the Commissioner will consider a claimant's work activity. If the claimant is engaged in substantial gainful activity, then the claimant is not disabled. 20 C.F.R. §§ 404.1520(a)(4)(i), 416.920(a)(4)(i).

Second, if the claimant is not engaged in substantial gainful activity, the Commissioner looks to see whether the claimant has a "severe" impairment, i.e., an impairment or combination of impairments that significantly limits the claimant's physical or mental ability to do basic work activities. *Pass v. Chater*, 65 F.3d 1200, 1203 (4th Cir. 1995); *see* 20 C.F.R. §§ 404.1520(c), 404.1521(a), 416.920(c), 416.921(a).[3]

Third, if the claimant has a severe impairment, then the Commissioner will consider the medical severity of the impairment. If the impairment meets or equals one of the presumptively disabling impairments listed in the regulations, then the claimant is considered disabled, regardless of age, education, and work experience. 20 C.F.R. §§ 404.1520(a)(4)(iii), 404.1520(d), 416.920(a)(4)(iii), 416.920(d); *see Radford*, 734 F.3d at 293.

---

[3] The ability to do basic work activities is defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. §§ 404.1521(b), 416.921(b). These abilities and aptitudes include (1) physical functions such as walking, standing, sitting, lifting, pushing, pulling, reaching, carrying, or handling; (2) capacities for seeing, hearing, and speaking; (3) understanding, carrying out, and remembering simple instructions; (4) use of judgment; (5) responding appropriately to supervision, co-workers, and usual work situations; and (6) dealing with changes in a routine work setting. *Id.* §§ 404.1521(b)(1)-(6), 416.921(b)(1)-(6); *see Yuckert*, 482 U.S. at 141, 107 S. Ct. at 2291.

Fourth, if the claimant's impairment is severe, but it does not meet or equal one of the presumptively disabling impairments, then the Commissioner will assess the claimant's RFC to determine the claimant's "ability to meet the physical, mental, sensory, and other requirements" of the claimant's past relevant work. 20 C.F.R. §§ 404.1520(a)(4)(iv), 404.1545(a)(4), 416.920(a)(4)(iv), 416.945(a)(4). RFC is a measurement of the most a claimant can do despite his or her limitations. *Hines v. Barnhart*, 453 F.3d 559, 562 (4th Cir. 2006); *see* 20 C.F.R. §§ 404.1545(a)(1), 416.945(a)(1). The claimant is responsible for providing evidence the Commissioner will use to make a finding as to the claimant's RFC, but the Commissioner is responsible for developing the claimant's "complete medical history, including arranging for a consultative examination(s) if necessary, and making every reasonable effort to help [the claimant] get medical reports from [the claimant's] own medical sources." 20 C.F.R. §§ 404.1545(a)(3), 416.945(a)(3). The Commissioner also will consider certain non-medical evidence and other evidence listed in the regulations. *See id.* If a claimant retains the RFC to perform past relevant work, then the claimant is not disabled. *Id.* §§ 404.1520(a)(4)(iv), 416.920(a)(4)(iv).

Fifth, if the claimant's RFC as determined in step four will not allow the claimant to perform past relevant work, then the burden shifts to the Commissioner to prove that there is other work that the claimant can do, given the claimant's RFC as determined at step four, age, education, and work experience. *See Hancock v. Astrue*, 667 F.3d 470, 472-73 (4th Cir. 2012). The Commissioner must prove not only that the claimant's RFC will allow the claimant to make an adjustment to other work, but also that the other work exists in significant numbers in the national economy. *See Walls*, 296 F.3d at 290; 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v). If the claimant can make an adjustment to other work that exists in significant

numbers in the national economy, then the Commissioner will find that the claimant is not disabled. If the claimant cannot make an adjustment to other work, then the Commissioner will find that the claimant is disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## III

## Substantial Evidence Standard

The Court reviews an ALJ's decision to determine whether the ALJ applied the correct legal standards and whether the factual findings are supported by substantial evidence. *See Craig v. Chater*, 76 F.3d 585, 589 (4th Cir. 1996). In other words, the issue before the Court "is not whether [Plaintiff] is disabled, but whether the ALJ's finding that [Plaintiff] is not disabled is supported by substantial evidence and was reached based upon a correct application of the relevant law." *Id.* The Court's review is deferential, as "[t]he findings of the Commissioner of Social Security as to any fact, if supported by substantial evidence, shall be conclusive." 42 U.S.C. § 405(g). Under this standard, substantial evidence is less than a preponderance but is enough that a reasonable mind would find it adequate to support the Commissioner's conclusion. *See Hancock*, 667 F.3d at 472; *see also Richardson v. Perales*, 402 U.S. 389, 401, 91 S. Ct. 1420, 1427 (1971).

In evaluating the evidence in an appeal of a denial of benefits, the court does "not conduct a *de novo* review of the evidence," *Smith v. Schweiker*, 795 F.2d 343, 345 (4th Cir. 1986), or undertake to reweigh conflicting evidence, make credibility determinations, or substitute its judgment for that of the Commissioner. *Hancock*, 667 F.3d at 472. Rather, "[t]he duty to resolve conflicts in the evidence rests with the ALJ, not with a reviewing court." *Smith v. Chater*, 99 F.3d 635, 638 (4th Cir. 1996). When conflicting evidence allows reasonable minds to

differ as to whether a claimant is disabled, the responsibility for that decision falls on the ALJ. *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam).

IV

**Discussion**

Plaintiff contends that the ALJ erred at step three of the sequential evaluation by failing to evaluate properly whether his impairments met or equaled 20 C.F.R. pt. 404, subpt. P., app. 1 § 1.04A ("Listing 1.04A"). Pl.'s Mem. Supp. Mot. Summ. J. 9-21, ECF No. 17-1. "The Social Security Administration has promulgated regulations containing 'listings of physical and mental impairments which, if met, are conclusive on the issue of disability.' A claimant is entitled to a conclusive presumption that he is impaired if he can show that his condition 'meets or equals the listed impairments.'" *Radford*, 734 F.3d at 291 (citation omitted); *see* 20 C.F.R. pt. 404, subpt. P, app. 1. "In order for a claimant to show that an impairment meets or equals a listed impairment in Step 3, she must demonstrate that her impairment meets all the specified criteria in the relevant listing." *Jones v. Berryhill*, 681 F. App'x 252, 254-55 (4th Cir. 2017) (per curiam) (citing *Sullivan v. Zebley*, 493 U.S. 521, 530 (1990)). "However, the claimant need not show that all the listed symptoms were present simultaneously." *Id.* at 255 (citing *Radford*, 734 F.3d at 293-94). "Instead, a claimant must show only that each of the listed symptoms are documented in the record, and that the impairment is expected to last continuously for at least 12 months." *Id.* (citing *Radford*, 734 F.3d at 294).

> To satisfy the requirements of Listing 1.04A, a claimant must show a disorder of the spine resulting in compromise of a nerve root or the spinal cord, with "[1] neuro-anatomic distribution of pain, [2] limitation of motion of the spine, [3] motor loss (atrophy with associated muscle weakness or muscle weakness) accompanied by sensory or reflex loss and, [4] if there is involvement of the lower back, positive straight-leg raising test."

*Id.* (quoting 20 C.F.R. pt. 404, subpt. P, app. 1 § 1.04A).

7

Both parties initially argue at length whether radiculopathy is tantamount to evidence of nerve root compression. "Radiculopathy is a disease of the nerve roots," *Hays v. Sullivan*, 907 F.2d 1453, 1457 n.4 (4th Cir. 1990), and "[n]erve root compression is a form of radiculopathy." *Id.* at 1457 n.5. In any event, despite finding that the criteria of Listing 1.04A were not met, the ALJ found evidence of cord flattening at C4-C5 and moderate to severe neural foraminal narrowing (R. at 26, 564), which can serve as evidence of disability. *See Gentry v. Colvin*, No. 2:13-CV-66-FL, 2015 WL 1456131, at *4 (E.D.N.C. Mar. 30, 2015). The ALJ further noted evidence in the record of Plaintiff's pain and numbness, as well as his decreased range of motion in the neck (R. at 26, 471). *See Kastner v. Astrue*, 697 F.3d 642, 649 (7th Cir. 2012) ("[A]ny restriction on movement that a doctor considers a medical limitation of motion will satisfy this element of the listing [regarding limitation of motion of the spine]."). The ALJ also noted evidence of Plaintiff's muscle weakness accompanied by sensory loss. R. at 26.

The Court agrees with Plaintiff that the ALJ "failed to offer any explanation as to how this evidence informed any portion of his listing analysis decision at step-three." Pl.'s Mem. Supp. Mot. Summ. J. 20, ECF No. 17-1. The ALJ "must *both* identify evidence that supports his conclusion *and* 'build an accurate and logical bridge from [that] evidence to his conclusion.'" *Woods v. Berryhill*, 888 F.3d 686, 694 (4th Cir. 2018) (alteration in original) (quoting *Monroe v. Colvin*, 826 F.3d 176, 189 (4th Cir. 2016)). An ALJ's failure to do so constitutes reversible error. *Lewis v. Berryhill*, 858 F.3d 858, 868 (4th Cir. 2017). Plaintiff's "medical record is not so one-sided that one could clearly decide, without analysis, that Listing [1.04A] is not implicated." *Brown v. Colvin*, 639 F. App'x 921, 923 (4th Cir. 2016) (per curiam). Because the ALJ's "analysis is incomplete and precludes meaningful review," the Court remands this case for further proceedings under the fourth sentence of 42 U.S.C. § 405(g). *Monroe*, 826 F.3d at 191.

# V

## Conclusion

For the reasons stated above, Defendant's Motion for Summary Judgment (ECF No. 20) is **DENIED**. Plaintiff's Motion for Summary Judgment (ECF No. 17) is **DENIED**. Plaintiff's alternative motion for remand (ECF No. 17) is **GRANTED**. Defendant's final decision is **REVERSED** under the fourth sentence of 42 U.S.C. § 405(g). This matter is **REMANDED** for further proceedings consistent with this opinion. A separate order will issue.

Date: February 12, 2019

/s/
Thomas M. DiGirolamo
United States Magistrate Judge